## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRM IRVING, LLC, ) <br>         Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOUTH GRAMERCY, LLC, ) <br>         Defendant ) <br> ) | Civil Action No.: 07-CV-3025 |

### <u>REQUEST FOR ENTRY OF DEFAULT</u>

**TO THE CLERK OF COURT**:

Pursuant to Fed.R.Civ.P. 55(a) and L.R. 55.1, kindly issue a Certificate of Default against the defendant, South Gramercy, LLC for failure to plead or otherwise defend.

In further support of this Request for Entry of Default, please see the Affidavit of Steven D. Usdin, Esquire filed contemporaneously herewith.

**RESPECTFULLY SUBMITTED,**

**COHEN SEGLIAS PALLAS**
**GREENHALL & FURMAN, P.C.**

**STEVEN D. USDIN (SU3812)**
30 South 17th Street, 19th Floor
Philadelphia, Pennsylvania 19103
(215) 564-1700

*Counsel for the Plaintiff, PRM Irving, LLC*

DATED:      June 20, 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRM IRVING, LLC,<br>　　　　　　Plaintiff,<br><br>v.<br><br>SOUTH GRAMERCY, LLC,<br>　　　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.: 07-CV-3025

**AFFIDAVIT OF STEVEN D. USDIN, ESQUIRE IN SUPPORT OF
PRM IRVING, INC.'S REQUEST FOR ENTRY OF DEFAULT**

I, Steven D. Usdin, Esquire, do hereby state and affirm as follows:

1.　　　I am an attorney at law in good standing with the bar of the State of New York and the United States District Court for the Southern District of New York and a member of the law firm of Cohen, Seglias, Pallas, Greenhall & Furman, P.C.

2.　　　I am counsel of record for the plaintiff, PRM Irving, LLC ("PRM") and have authority to make this Affidavit on behalf of PRM.

3.　　　I am familiar with the facts and circumstances of this action and make this Affidavit upon my personal knowledge.

4.　　　The Complaint in the above-captioned matter was filed on April 16, 2007.

5.　　　On April 20, 2007 and pursuant to Fed.R.Civ.P. 4, I served a Notice of Lawsuit and Request for Waiver of Service of Summons, Complaint and Waiver of Service on South Gramercy, LLC ("South Gramercy"), Defendant.  A true and correct copy of the documents served upon South Gramercy are attached hereto as Exhibit A.

6.　　　On or about May 3, 2007, I received from South Gramercy the executed Waiver of Service of Summons, dated April 30, 2007 and signed by Thomas Silver, a member of South

Gramercy.  A true and correct copy of the executed Waiver of Service is attached hereto as Exhibit B.

7.      On May 3, 2007, I electronically filed the executed Waiver of Service of Summons.

8.      Pursuant to the terms of the Waiver of Service of Summons, South Gramercy's responsive pleading was to be filed no later than June 19, 2007.

9.      As of June 20, 2007, South Gramercy has failed to enter an appearance and otherwise file a responsive pleading.

10.     The time within which South Gramercy was required to respond to the Complaint has not been extended by this Honorable Court.

11.     South Gramercy is a limited liability company duly organized pursuant to the laws of the State of Delaware and is neither an infant, in the military nor an incompetent person.


Signed under the pains and penalties of perjury, this 20th day of June 2007,


By: _____
Steven D. Usdin, Esquire


**DATED:**     **June 20, 2007**

# EXHIBIT A

## NOTICE OF LAWSUIT
### AND
### REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:    South Gramercy, LLC
       c/o National Registered Agents, Inc.
       160 Greentree Drive, Suite 101
       Dover, Delaware 19904

A lawsuit has been commenced against you. A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Southern District of New York and has been assigned docket number 07-CV-3025.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the costs of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver **within 30 days** after the date designated below on which this Notice and Request is sent. I enclosed a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, as authorized by those Rules, ask the court to require you to pay the full costs of such service. In that regard, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 20th day of April 2007.

COHEN SEGLIAS PALLAS
GREENHALL & FURMAN, P.C.

Steven D. Usdin, Esquire
30 South 17th Street, 19th Floor
Philadelphia, Pennsylvania 19103
(215) 564-1700
*Counsel for Plaintiff, PRM Irving, LLC*

## WAIVER OF SERVICE OF SUMMONS

TO:     Steven D. Usdin, Esquire
        **Cohen Seglias Pallas Greenhall & Furman, P.C.**
        **30 South 17th Street, 19th Floor**
        **Philadelphia, Pennsylvania 19103**
        *Counsel for the Plaintiff, PRM Irving, LLC*

I acknowledge receipt of your request that I waive service of a summons in the action of **PRM Irving, LLC v. South Gramercy, LLC**, which is case number 07-CV-3025 in the United States District Court for the Southern District of New York. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

South Gramercy, LLC agrees to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring PRM Irving, Inc. to serve South Gramercy, LLC with judicial process in the manner provided by Rule 4.

South Gramercy, LLC will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

South Gramercy, LLC understands that a judgment may be entered against it if an answer or motion under Rule 12 is not served upon you within 60 days after April 20, 2007.

_____          _____
DATE                                      Signature
                                          Printed name: _____
                                          Title: _____
                                                    of South Gramercy, LLC

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant, who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO:    **Steven D. Usdin, Esquire**
**Cohen Seglias Pallas Greenhall & Furman, P.C.**
**30 South 17th Street, 19th Floor**
**Philadelphia, Pennsylvania 19103**
*Counsel for the Plaintiff, PRM Irving, LLC*

I acknowledge receipt of your request that I waive service of a summons in the action of **PRM Irving, LLC v. South Gramercy, LLC**, which is case number 07-CV-3025 in the United States District Court for the Southern District of New York. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

South Gramercy, LLC agrees to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring PRM Irving, Inc. to serve South Gramercy, LLC with judicial process in the manner provided by Rule 4.

South Gramercy, LLC will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

South Gramercy, LLC understands that a judgment may be entered against it if an answer or motion under Rule 12 is not served upon you within 60 days after April 20, 2007.


_____    _____
DATE                                 Signature
                                        Printed name: _____
                                        Title: _____
                                              of South Gramercy, LLC

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant, who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# UNITED STATES DISTRICT COURT
## SOURTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PRM IRVING, LLC, | ) | |
| Plaintiff, | ) | Case No: |
| | ) | |
| v. | ) | COMPLAINT AND REQUEST FOR |
| | ) | SPEEDY HEARING PURSUANT TO |
| SOUTH GRAMERCY, LLC, | ) | FED.R.CIV.P. 57 |
| Defendant | ) | |
| | ) | |

## INTRODUCTION

1.      The matter arises out of a breach of several written contracts, including, *inter alia*, a Purchase and Sale Agreement for certain real estate located in New York, New York.

2.      The intended and anticipated purchaser failed and refused to appear for the closing as provided for in the Purchase and Sale Agreement and therefore forfeited its right to its deposit of earnest money.

3.      Additionally, the escrow agent has failed and refused to turn over the deposit as liquidated damages as provided for in the Purchase and Sale Agreement.

4.      The plaintiff, therefore, seeks a declaration by this Honorable Court that Plaintiff is the rightful owner of the deposit money.

## JURISDICTION AND VENUE

5.      This Honorable Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332 because the parties are citizens of different States and the amount in controversy exceeds $75,000.00.

6.     The venue is proper in this judicial district under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to this cause of action occurred within this jurisdictional district.

## PARTIES

7.     The plaintiff, PRM Irving, LLC ("PRM") is a limited liability company duly organized pursuant to the laws of the State of Illinois and has its principal place of business at 150 North Wacker Drive, Suite 1120, Chicago, Illinois.

8.     Upon information and belief, South Gramercy, LLC ("Gramercy") is a limited liability company duly organized pursuant to the laws of the State of Delaware.

## FACTUAL BACKGROUND

9.     On or about November 1, 2006, PRM and Gramercy entered into a Purchase and Sale Agreement ("P&S") wherein PRM agreed to cause to be conveyed and Gramercy agreed to purchase a parcel of real estate, and accompanying structures thereon, located at and otherwise known as 57-59 Irving Place, New York, New York ("Property").

10.     In connection with the completion of the conveyance of the Property, PRM was represented by Andrew Drogen, Esquire of Baker & Hostetler, LLP.

11.     Upon information and belief, at all relevant times in connection with the conveyance of the Property, Gramercy was represented by Jonathan Mechanic, Esquire, Stephanie Wang, Esquire and Gregg L. Weiner, Esquire of Fried, Frank, Harris, Shriver & Jacobson, LLP.

12.     The Property's purchase price was $18,500,000.

2

13.     Pursuant to the terms of the P&S, Gramercy made a deposit of earnest money in the amount of $900,000 ("Deposit"), which Deposit was paid contemporaneously with the execution of the P&S and held in escrow by Chicago Title Insurance Company ("Chicago Title").

14.     Additionally, PRM, Gramercy and Chicago Title entered into a written Escrow Agreement regarding the retention and management of the Deposit.

15.     Pursuant to the terms of the P&S, Gramercy had fifteen (15) days from the date of the execution of the P&S to inspect the Property.

16.     Upon the expiration of fifteen (15) days, the Deposit became non-refundable.

17.     The closing for the sale of the Property was to occur within ninety (90) days from the expiration of the inspection period ("Closing").

18.     Paragraph 15 of the P&S provided, *inter alia*, that PRM and Gramercy acknowledged that "time was of the essence" in connection with the sale of the Property as evidenced by the provision granting each party, that being PRM and Gramercy, only one (1) opportunity to request a ten (10) day adjournment of the Closing.

19.     In addition and pursuant to the terms of the P&S, PRM provided Gramercy with certain "Confidential and Supplemental Materials" which included, *inter alia*, intellectual property and research ("Materials").

20.     In conjunction with PRM's production of the Materials, PRM and Gramercy executed a Side Agreement governing the use and, if applicable, return of said Materials ("Side Agreement").

21.     The Side Agreement provides, *inter alia*, that if the Closing does not take place as provided in the P&S, then Gramercy is required to return to PRM all of the Materials.

3

22.     Moreover, under the terms of the P&S, if Gramercy defaults on the P&S by failing to complete the Closing, then the Deposit shall constitute liquidated damages and shall be delivered to PRM.

23.     On February 20, 2007, Gramercy requested and PRM agreed to continue the Closing until March 14, 2007 ("P&S Amendment").

24.     In consideration of the time extension, Gramercy agreed to the release from escrow and payment to PRM of $450,000 from the Deposit.

25.     On March 9, 2007, Mr. Drogen requested from Mr. Mechanic and Ms. Wang confirmation that Gramercy was going to proceed with the Closing on March 14, 2007, as contemplated by the P&S and the P&S Amendment.

26.     On March 9, 2007, Ms. Wang notified Mr. Drogen that Gramercy would not be ready to complete the sale on March 14, 2007 and instead proposed March 26, 2007 for the Closing, exercising its one time right to a ten (10) day adjournment.

27.     On March 9, 2007, Mr. Drogen notified Ms. Wang that, pursuant to Section 15 of the P&S, PRM accepted Gramercy's request to extend the Closing to March 26, 2007, the 10th day being a weekend.

28.     On March 22, 2007, PRM notified Mr. Drogen that the Closing was being adjourned for one (1) day until March 27, 2007, and that he was directed to issue a Letter Agreement to memorialize same ("Letter Agreement").

29.     Consequently, Mr. Drogen requested that Mr. Mechanic or Ms. Wang have their client execute the Letter Agreement confirming that the Closing was being continued until March 27, 2007.

4

30.    Mr. Drogen subsequently notified Mr. Mechanic and Ms. Wang that if the Letter Agreement was not executed by Gramercy, then PRM would proceed with the Closing on March 26, 2007.

31.    On March 22, 2007, Ms. Wang notified Mr. Drogen, without equivocation, that Gramercy would not be executing the Letter Agreement because "they would not be closing on Monday, March 26, Tuesday, March 27 or at any time at all."

32.    Furthermore, Ms. Wang indicated to Mr. Drogen that the only remaining issue was what the principals were going to do with the Deposit.

33.    On or about March 23, 2007, Mr. Drogen was notified by Fidelity Title that Mr. Mechanic and/or Ms. Wang had instructed Fidelity Title not to appear at the Closing on Monday, March 26, 2007.

34.    On March 26, 2007, PRM notified Gramercy of its intention to tender performance pursuant to the terms of the P&S and P&S Amendment.

35.    On March 26, 2007, PRM did, in fact, tender performance of the P&S and was ready, willing and able to cause the conveyance of the Property to Gramercy.

36.    However, Gramercy failed and refused to appear for the Closing.

37.    In light of Gramercy's failure to tender performance as provided for under the terms of the P&S, PRM notified Chicago Title that Gramercy was in default of the P&S and, therefore, requested the release of the remaining Deposit as liquidated damages.

38.    To date, the remainder of the Deposit has not been released to PRM.

39.    As a result of the Gramercy's breach and Chicago Title's failure to release the remainder of the Deposit, PRM has suffered damages.

40.    Despite the foregoing, Gramercy maintains that PRM breached the P&S and the P&S Amendment and that it is entitled to the return of its entire Deposit, including that paid to PRM as consideration for adjourning the Closing for over three (3) weeks.

<u>COUNT I</u>
<u>REQUEST FOR DECLARATORY JUDGMENT</u>

41.    The plaintiff, PRM, incorporates herein by reference, the allegations contained in Paragraphs 1 through 40.

42.    At all relevant times, PRM complied with and fulfilled its obligation as outlined in the P&S and the P&S Amendment.

43.    PRM tendered performance in full compliance with the terms of the P&S and the P&S Agreement.

44.    Pursuant to the terms of the P&S, if Gramercy defaults and the Closing does not occur, PRM is entitled to retain the Deposit as liquidated damages.

45.    Gramercy, in fact, failed and refused to tender performance and therefore breached the P&S and P&S Amendment by failing to attend the Closing.

46.    Consequently, and pursuant to the terms of the P&S and P&S Amendment, PRM is entitled to the balance of the Deposit currently in possession of Chicago Title.

47.    Despite the foregoing, Gramercy has maintained that PRM defaulted on the P&S and P&S Amendment and that Gramercy is entitled to the return of its entire Deposit, including those funds paid to PRM as consideration of the Closing's adjournment.

48.    Therefore, an actual controversy exists as to which party breached the P&S and P&S Amendment.

6

49.     Moreover, there exists an actual controversy as to which party is entitled to the Deposit.

**WHEREFORE**, Plaintiff, PRM Irving, LLC requests a declaratory finding that:

      a.     The defendant South Gramercy, LLC has breached the P&S and P&S Amendment;

      b.     PRM is entitled to the balance of the Deposit in the amount of $450,000;

      c.     PRM be awarded costs and disbursements in connection with this action; and

      d.     PRM be granted such other relief as the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT - FAILURE TO CLOSE

50.     The plaintiff, PRM, incorporates herein by reference the allegations contained in Paragraphs 1 through 49.

51.     PRM and Gramercy entered into a written contract for the sale of the Property.

52.     Pursuant to the terms of contract, the sale of the Property was to be finalized and the Closing to occur on a date certain.

53.     Thereafter, PRM and Gramercy executed a written amendment to the contract, at Gramercy's request, whereby the parties agreed to adjourn the Closing for three (3) weeks.

54.     However, Gramercy failed and refused to close on the date provided for in the contract and the amendment to the contract.

55.     Gramercy's failure to perform pursuant to the terms of the contract and amendment to contract constitutes a breach of contract.

56.     As a result of Gramercy's breach of contract, PRM has been damaged.

7

**WHEREFORE**, Plaintiff, PRM Irving, LLC prays that this Honorable Court enter judgment against the Defendant South Gramercy, LLC and award PRM damages, including, but not limited to the payment of the balance of the Deposit in the amount of $450,000, as well as costs and disbursements and other relief that the Court deems just and proper.

**COUNT III**
**BREACH OF CONTRACT - FAILURE TO RETURN CONFIDENTIAL DOCUMENTS**

57.     The plaintiff, PRM, incorporates herein by reference the allegations contained in Paragraphs 1 through 56.

58.     PRM entered into a written contract for the sale of the Property.

59.     Pursuant to the terms of the contract, PRM provided Gramercy with certain Confidential and Supplemental Materials.

60.     The contract further provided that if the Closing did not occur, that Gramercy would return to PRM any and all Confidential and Supplemental Materials.

61.     Gramercy failed and refused to appear for the Closing as provided for in the contract.

62.     Consequently, the Closing did not proceed.

63.     Therefore, Gramercy was required by the contract to return to PRM all Confidential and Supplemental Materials.

64.     To date, Gramercy has not returned to PRM all the Confidential and Supplemental Materials.

65.     As a result of this breach, PRM has been damaged.

**WHEREFORE**, Plaintiff, PRM Irving, LLC prays that this Honorable Court enter judgment against the Defendant South Gramercy, LLC to order the return of the Confidential and

8

Supplemental Materials and to award PRM damages, including costs and disbursements and other relief that the Court deems just and proper.

## PRAYER FOR SPEEDY HEARING

Pursuant to Fed.R.Civ.P. 57, the Plaintiff, PRM Irving, LLC, prays that this Honorable Court order a speedy hearing of this action for declaratory judgment and advance it on the calendar.

RESPECTFULLY SUBMITTED,

COHEN SEGLIAS PALLAS
    GREENHALL & FURMAN, P.C.

STEVEN D. USDIN (SU3812)
30 South 17th Street, 19th Floor
Philadelphia, Pennsylvania 19103
(215) 564-1700

*Counsel for the Plaintiff, PRM Irving, LLC*

DATED:        April 13, 2007

9

COHEN SEGLAS PALLAS GREENHALL & FURMAN PC
United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA 19103

COHEN, SEGLAS, PALLAS, GREENHALL & FURMAN
Attorneys at Law
30 South 17th Street, 19th Floor
United Plaza
Philadelphia, PA 19103



UNITED STATES POSTAL SERVICE
02 1P $00.39⁰
0000234009 4    APR 20 2007
MAILED FROM ZIP CODE 19103

# EXHIBIT B

## WAIVER OF SERVICE OF SUMMONS

**TO:**   **Steven D. Usdin, Esquire**
**Cohen Seglias Pallas Greenhall & Furman, P.C.**
**30 South 17th Street, 19th Floor**
**Philadelphia, Pennsylvania 19103**
*Counsel for the Plaintiff, PRM Irving, LLC*

I acknowledge receipt of your request that I waive service of a summons in the action of **PRM Irving, LLC v. South Gramercy, LLC,** which is case number 07-CV-3025 in the United States District Court for the Southern District of New York.  I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

South Gramercy, LLC agrees to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring PRM Irving, Inc. to serve South Gramercy, LLC with judicial process in the manner provided by Rule 4.

South Gramercy, LLC will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

South Gramercy, LLC understands that a judgment may be entered against it if an answer or motion under Rule 12 is not served upon you within 60 days after April 20, 2007.

4/30/07
DATE

Signature
Printed name: _Thomas Silver_
Title: _Member_
of South Gramercy, LLC

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.  A defendant, who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property.  A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court.  If the answer or motion is not served within this time, a default judgment may be taken against the defendant.  By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.