Lapidus & Associates, LLP
By: Steven R. Lapidus (SRL 3831)
305 Maddison Avenue, 46th Floor
New York, New York 10165
t. 212-297-0550

M W MOODY LLC
By: Mark Warren Moody (MWM 3742)
185 Franklin Street, 5th Floor
New York, New York 10013
t. 212-966-9620

*Attorneys for Defendant*
*South Gramercy, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X    Case No. 07-CV-0325
PRM IRVING, LLC,                                         (RWS)

        Plaintiff,

    - against -                               **ANSWER, AFFIRMATIVE**
                                                         **DEFENSES AND COUNTERCLAIMS**
SOUTH GRAMERCY, LLC,

        Defendant.
----------------------------------------------------X

    Defendant South Gramercy, LLC, as and for its Answer, Affirmative Defenses, and Counterclaims to Plaintiff PRM Irving, LLC's Complaint dated April 13, 2007 ("Complaint"), hereby alleges as follows:

    1.    Defendant admits the factual allegations contained in paragraphs 1; 6; 8; 9; 11; 12; 13; 14; 20; 23; 24; 25; 26; 27; 29; 30; 40; 47; 48; 49; and 64 of the Complaint.

    2.    Defendant denies the factual allegations contained in paragraphs 2; 5; 31; 32; 34; 35; 36; 39; 42; 43; 45; 54; 55; 56; 61; 62; and 65 of the Complaint.

    3.    Defendant denies knowledge or information sufficient to form a belief as

to the truth of the factual allegations contained in paragraphs 3; 7; 10; 28; 33; 37; and 38 of the Complaint.

4. Defendant respectfully refers the Court to the terms and provisions of the written agreements referred to in paragraphs 15; 16; 17; 18; 19; 21; 22; 44; 46; 51; 52; 53; 58; 59; 60; and 63 of the Complaint for their interpretation.

5. Defendant states that no response is necessary to the allegations contained in paragraphs 4; 41; 50; and 57 of the Complaint.

6. Defendant denies the Wherefore clauses at the end of paragraphs 49; 56; and 65 of the Complaint.

## AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

### FIRST AFFIRMATIVE DEFENSE

7. This Court lacks jurisdiction as the Parties' agreement demonstrates that the parties' intent was that the Supreme Court New York County would have jurisdiction of the controversy.

### SECOND AFFIRMATIVE DEFENSE

8. The Complaint fails to state a cause of action upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred by the applicable doctrines of waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred by the applicable doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

11.     Plaintiff's claims are barred by Plaintiff's anticipatory breach of the agreements between the Parties.

## SIXTH AFFIRMATIVE DEFENSE

12.     Plaintiff's claims are barred by Plaintiff's material breach of the agreements between the Parties.

## FIRST COUNTERCLAIM
### (Plaintiff's Breach of Contract)

13.     Defendant repeats and realleges each of the foregoing allegations as if fully set forth hereinbelow.

14.     On or about November 1, 2006 the Parties entered into a contract (the "Purchase Agreement") whereby the Plaintiff agreed to convey the premises known as 57-59 Irving Place, New York, New York (the "Property") to Defendant vacant, and free of tenants and occupants.

15.     The delivery of the Property vacant and free of tenants and occupants was a condition precedent to the closing on the Property.

16.     In connection therewith, the Defendant made a Down Payment of $900,000.00 which was held in escrow by Chicago Title Insurance Company.

17.     A material condition of the Purchase Agreement was that on the day of the closing, time being of the essence, Plaintiff was obligated to have vacated the Property and provide written confirmation thereof.

18.     No such written confirmation was provided by Plaintiff to Defendant.

19.     No such written confirmation could be provided by Plaintiff.

3

20. On the day of the scheduled closing, <u>viz</u>. March 26, 2007, Plaintiff's tenant Shoreline Properties Group, Inc. ("SPGI") was still in the Property.

21. On the day of the scheduled closing, <u>viz</u>. March 26, 2007, the Property was not vacant and the Property had occupants.

22. SPGI operated a public parking garage at the Property on, and upon information and belief, after March 26, 2007.

23. On March 26, 2007, there were numerous cars on the Property.

24. Plaintiff knew that Defendant intended to immediately convert the Property to residential housing.

25. Plaintiff failed to vacate the Property on or before the closing.

26. Plaintiff also failed to obtain written confirmation of the Property's vacancy on or before the closing.

27. Defendant was ready, willing, and able to perform its contractual obligations on the closing date, <u>viz</u>. March 26, 2007.

28. On or before March 26, 2007, Plaintiff informed Defendant that the Property was not, and would not be, vacant or free of tenants and occupants on the closing.

29. Plaintiff's failure to vacate the Property and provide written confirmation thereof constitutes a material breach of the Purchase Agreement relieving Defendant of any further obligation to perform.

30. Pursuant, <u>inter alia</u>, to the Purchase Agreement and the February 20, 2007 agreement between the Parties, Plaintiff is obligated to return the $450,000.00 released from escrow to Plaintiff.

31. In spite of repeated request, Plaintiff has failed and refused to do so.

32. In justifiable reliance upon Plaintiff's material promise to be able to deliver the Property vacant, and demonstrate same with written confirmation thereof, Defendant expended significant sums in pursuing its development of the Property, including but not limited to legal fees in connection with the zoning of the Property, architects, and expeditors.

33. As a result of the foregoing, Defendant has been damaged in an amount in excess of $500,000.00, the precise amount to be proven at trial.

## SECOND COUNTERCLAIM
### (Declaratory Relief)

34. Defendant repeats and realleges each of the foregoing allegations as if fully set forth hereinbelow.

35. Chicago Title Company is holding the balance of the Down Payment made by Defendant in escrow.

36. The balance is $450,000.00.

37. Defendant is entitled to the return of the Down Payment.

38. Accordingly, it is respectfully requested that this Court: (i) issue a declaration stating that Chicago Title Insurance Company must return the $450,000.00, together with any interest accrued thereon, that it is currently holding in escrow to Defendant; and (ii) order Plaintiff to direct Chicago Title Insurance Company to return the escrowed $450,000.00 to Defendant together with any interest accrued thereon.

**WHEREFORE** Defendant requests that: i) Plaintiff's causes of action be dismissed in their entirety; ii) Defendant be awarded a judgment against Plaintiff in an

amount in excess of $500,000.00, the precise amount to be proven at trial; iii) that this Court issue a declaration that Plaintiff is entitled to the return of $450,000.00 that is currently being held in escrow by Chicago Title Company, together with accrued interest; iv) order Plaintiff to direct Chicago Title Insurance Company to return the escrowed $450,000.00 to Defendant together with any interest accrued thereon; and v) the Court order such other and further relief as to this Court seems just and proper, together with the pre-judgment interest, costs and including the reasonable attorneys' fees incurred by Defendant in connection with this action.

Dated: June 28, 2007
New York, New York

LAPIDUS & ASSOCIATES LLP

_____
By: Steven R. Lapidus (SRL 3831)
365 Madison Avenue, 46th Floor
New York, New York 10165
t. 212-297-0550

M W MOODY LLC
185 Franklin Street, 5th Floor
New York, New York 10013
t. 212-966-9620