UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PRM IRVING, LLC, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>SOUTH GRAMERCY, LLC, )<br>      Defendant )<br>) | Civil Action No.: 07-CV-3025 |

**ANSWER AND AFFIRMATIVE DEFENSES
OF PRM IRVING, LLC
TO COUNTERCLAIM OF SOUTH GRAMERCY, LLC**

**FIRST COUNTERCLAIM**
**(Plaintiff's Breach of Contract)**

13. No response is required to Paragraph 13 as it is a formality in the pleading. To the extent that a response is required, the allegations are denied.

14. No response is required to Paragraph 14 as the Purchase Agreement is a document that speaks for itself and PRM denies any characterization of the contents contained therein.

15. The allegations contained is Paragraph 15 of the Counterclaim constitute a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

16. Admitted.

17. No response is required to Paragraph 14 as the Purchase Agreement is a document that speaks for itself and PRM denies any characterization of the contents contained therein.

18. Denied.

1

19. The allegations contained in Paragraph 19 of the Counterclaim constitute a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

20. Denied.

21. Denied.

22. PRM is without sufficient knowledge to either admit or deny the veracity of the allegations contained in Paragraph 22.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. The allegations contained in Paragraph 29 of the Counterclaim constitute a conclusion of law to which no response is required. To the extent a response is required, the allegations are expressly denied.

30. The allegations contained is Paragraph 30 of the Counterclaim constitute a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

31. Denied.

32. Denied.

33. Denied.

## SECOND COUNTERCLAIM
### (Declaratory Relief)

34. PRM incorporates herein by reference its responses to Paragraphs 13 through Paragraph 33.

35. Admitted.

36. Admitted.

37. Denied.

38. It is denied that South Gramercy is entitled to the relief requested in Paragraph 38 of the Counterclaim.

**WHEREFORE**, PRM prays that this Honorable Court enter judgment in its favor and against South Gramercy, dismiss South Gramercy's counterclaim and award PRM attorney's fees, costs of suit and any other damages that justice so requires.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

South Gramercy has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

South Gramercy's claims are barred by the doctrine of unclean hands.

### Third Affirmative Defense

South Gramercy's claims are barred by the doctrine of waiver.

### Fourth Affirmative Defense

South Gramercy's claims are barred by the doctrine of estoppel.

### Fifth Affirmative Defense

South Gramercy's claims are barred by the doctrine of laches.

### Sixth Affirmative Defense

South Gramercy's claims are barred by the applicable statute of limitations.

### Seventh Affirmative Defense

South Gramercy has failed to mitigate its damages.

### Eighth Affirmative Defense

Any damages allegedly suffered by South Gramercy were caused by its own intentional, negligent and/or reckless conduct.

### Ninth Affirmative Defense

South Gramercy's claims are barred by the Statute of Frauds.

### Tenth Affirmative Defense

Any damages claimed by South Gramercy were caused by South Gramercy's breach of contract.

### Eleventh Affirmative Defense

South Gramercy's claims are barred by its own breach of good faith and fair dealing.

### Twelfth Affirmative Defense

South Gramercy repudiated the Purchase and Sale Agreement.

**RESPECTFULLY SUBMITTED,**

**COHEN SEGLIAS PALLAS GREENHALL & FURMAN, P.C.**

**/s/Steven D. Usdin**
**STEVEN D. USDIN (SU3812)**
30 South 17th Street, 19th Floor
Philadelphia, Pennsylvania 19103
(215) 564-1700
*Counsel for the Plaintiff, PRM Irving, LLC*

DATED:     July 25, 2007