THOMAS P. MALONE, ESQ.
Attorney for Chicago Title Insurance Company
350 Fifth Avenue, Suite 5016
New York, New York 10118
(212) 594-8515 ext. 205
Thomas P. Malone (TM8717)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PRM IRVING, LLC

                                                  Case No.: 07-CV-3025

                            Plaintiff,

        -against-

SOUTH GRAMERCY, LLC,
                            Defendants.

-------------------------------------------------------------------X

## MOTION OF CHICAGO TITLE INSURANCE COMPANY TO INTERVENE AND FOR PERMISSION TO INTERPLEAD ESCROW MONIES INTO THE REGISTRY OF THE COURT

**Relief Sought**

      Pursuant to the Federal Rules of Civil Procedure 24 and 22, Chicago Title Insurance Company ("Chicago"), hereby moves to intervene in this action for an order permitting it to deposit the sum of $450,000.00 into the registry of the Court, and upon its deposit of the escrow monies into the court, that it be dismissed from this action and from all further liability.

**Grounds for Relief**

      Chicago should be granted the relief requested because:

1. On April 13, 2007, Plaintiff initiated the instant suit against defendant alleging defendant is obligated to forfeit certain monies being held in escrow by Chicago pursuant to an escrow agreement between Plaintiff, Defendant and Chicago.

2. The Defendant denies that the escrow monies are properly payable to the Plaintiff.

3. Neither party has asserted a claim against Chicago for the escrow monies.

4. Chicago has no beneficial interest in the escrow monies, makes no claim for the escrow monies, and is a mere stakeholder.

5. Chicago requests permission of this court to intervene and to interplead the escrow monies, with interest, if any, into court, pursuant to Fed. R. Civ. P. 24 and Fed. Re. Civ. P. 22, so that the Court may determine which party in this action is entitled to the escrow monies.

6. Chicago further requests that upon being permitted to intervene in this action and following its deposit of the escrow monies into the court, that it be dismissed from this action and from all further liability.

7. In support of this motion, Chicago states that it is entitled to intervene as of right under Fed. R. Civ. P. 24(a) because:

    a) Chicago has an interest in the transaction that is the subject of this action, as set forth in the annexed Supporting Affidavit of Michael Brady.

    b) Chicago is so situated that the disposition of this action may as a practical matter impair or impede Chicago's ability to protect its interest.

    c) Chicago's interest cannot be adequately represented by the existing parties to this case.

8. In the alternative, Chicago seeks leave of the Court to intervene permissively under Fed. R. Civ. P. 24(b) because

    a.    Chicago's claim and defense raises question of law or fact in common with this action; and

    b.    This intervention will expedite resolution of this action and will not unduly delay or prejudice the adjudication of the rights of the original parties.

**Record on Motion**

This motion is based on this document, the Supporting Affidavit of Michael Brady, the letter brief of counsel, proposed order, and proof of service of these papers to all parties to this action, and on all the pleadings and papers on file in this action.

WHEREFORE, Chicago respectfully requests that its motion be granted, that it be permitted to deposit the monies into the Court, upon its deposit of the escrow monies into the court that Chicago be dismissed from this action and from all further liability.

Dated: August 6, 2007

Respectfully submitted,

_____
Thomas P. Malone
Attorney for Chicago Title Insurance Company
350 Fifth Avenue, Suite 5016
New York, New York 10118
(212) 594-8515 ext. 205

TO:    Steven D. Usdin, Esq.
        Cohen Seglias Pallas Greenhall
          & Furman, P.C.
        Attorneys for Plaintiff PRM
          Irving LLC

30 South 17th Street, 19th Floor
Philadelphia, Pennsylvania 19103
(215) 564-1700

Steven R. Lapidus, Esq.
Lapidus & Associates, LLP
Attorneys for Defendant South
 Gramercy LLC
305 Madison Avenue, 46th Floor
New York, New York   10165
(212) 297-0550

Mark Warren Moody, Esq.
M W Moody
Attorneys for Defendant South
 Gramercy LLC
185 Franklin Street, 5th Floor
New York, New York   10013
(212) 966-9620

THOMAS P. MALONE, ESQ.
Attorney for Chicago Title Insurance Company
350 Fifth Avenue, Suite 5016
New York, New York 10118
(212) 594-8515 ext. 205
Thomas P. Malone (TM8717)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PRM IRVING, LLC

                        Plaintiff,                  Case No.: 07-CV-0325

     -against-                                    AFFIDAVIT

SOUTH GRAMERCY, LLC,

                       Defendants.
------------------------------------------------------------------X

STATE OF NEW YORK   )
COUNTY OF NEW YORK ) ss.:

    C. Michael Brady, being duly sworn, deposes and says:

    1.     I am a Vice President of Chicago Title Insurance Company ("Chicago"). As such, I have access to and familiarity with the files maintained by Chicago.

    2.     I make this affidavit upon personal knowledge and upon information and belief, the source of my information and the grounds for my belief being principally said files. Further, I make this affirmation in support of Chicago's motion to intervene in the instant action and for permission to interplead and deposit escrow monies into the registry of the Court.

3. Upon information and belief, Plaintiff PRM Irving, LLC ("PRM") as seller, and Defendant South Gramercy, LLC ("South Gramercy"), as purchaser, entered into a certain Purchase and Sale Agreement dated November 8, 2006 ("P & S Agreement") for the sale of real property known as 57-59 Irving Place, New York, New York (the "Property") for $18,500,000.00.

4. In conjunction with the sale of the Property and P & S Agreement, Chicago, PRM and South Gramercy entered into an Escrow Agreement dated November 8, 2006 ("Escrow Agreement"), copy annexed hereto as Exhibit "A."

5. Under the terms of the Escrow Agreement, the amount of $900,000.00 was deposited with Chicago.

6. By letter agreement dated February 23, 2007, copy annexed hereto as Exhibit "B", PRM and South Gramercy agreed to release $450,000.00 to PRM. Chicago retains and is holding in escrow $450,000.00 pursuant to the terms of the Escrow Agreement.

7. Paragraph 4. of the Escrow Agreement provides that the plaintiff as escrow agent is empowered to interplead the funds into court in the event of a dispute.

8. I am advised by Thomas P. Malone, Counsel to Chicago, that on or about April 13, 2007, PRM initiated a suit against South Gramercy in United States District Court, Southern District of New York, Civil Action No.: 07-CV-3025, alleging that South Gramercy is obligated to forfeit monies being held by Chicago pursuant to the Escrow Agreement.

9. Mr. Malone further advises that in its answer dated July 17, 2007, South Gramercy denies the monies being held by Chicago in escrow are payable to PRM.

10. Thus, upon information and belief, neither party has asserted a claim against Chicago for the monies it holds in escrow.

11.     Chicago makes no claim to the monies being held in escrow and is a mere stakeholder.

12.     Unless the conflicting and adverse claims to the escrow monies are disposed of in a single proceeding, the Chicago may be subject to multiple litigation and at a substantial risk of suffering duplicate or inconsistent rulings with respect to the escrow monies.

WHEREFORE, Chicago respectfully requests that it be permitted to intervene in the instant action, that it be permitted to deposit the monies into the Court, and upon its deposit of the escrow monies into the court that Chicago be dismissed from this action and from all further liability and any and all other relief to which it Chicago may be entitled.

Dated:  August 1, 2007

_____
C. Michael Brady
Vice President
Chicago Title Insurance Company

Sworn to before me this
1st day of August, 2007

_____
Notary Public

ROSA TRICARICO
NOTARY PUBLIC STATE OF NY
01TR5082931
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES ON 20 09, Aug 4

## ESCROW AGREEMENT

Escrow Agreement made as of this 8th day of November, 2006 by and among PRM Irving, LLC, an Illinois limited liability company ("Seller") and South Gramercy LLC, a Delaware limited liability company ("Purchaser") and CHICAGO TITLE INSURANCE COMPANY ("Escrow Agent").

## WITNESSETH:

WHEREAS, Seller and Purchaser, along with other parties not signatories to this Escrow Agreement, have entered into a Purchase and Sale Agreement dated as of the 8th day of November, 2006 (the "Agreement") regarding certain premises (the "Transaction") known as 57-59 Irving Place, New York, New York. A copy of the Agreement has been received by Escrow Agent.

WHEREAS, Purchaser is obligated to make a deposit in the amount of $900,000.00 as provided in the Agreement (such sum, together with any interest thereon, is hereinafter referred to as the "Deposit").

WHEREAS, in furtherance of such Transaction, the parties desire and the Escrow Agent is willing to hold the Deposit in escrow on the terms and conditions hereinafter set forth.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency thereof being duly acknowledged, the parties hereto agree as follows:

1. The terms of the Agreement are incorporated herein by reference, and Escrow Agent agrees to abide by such terms as they may be applicable to Escrow Agent. All capitalized items not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

2. The Deposit, upon delivery to the Escrow Agent, will be deposited by Escrow Agent into a segregated escrow account at Citibank, N.A. (or at such other commercial bank having an office in Manhattan as Escrow Agent shall select). Upon receipt of a completed IRS W-9, Escrow Agent shall notify the Seller and Purchaser and move the Deposit to a separate money market account at Citibank, N.A. (or at such other commercial bank having an office in Manhattan as Escrow Agent shall select).

3. Escrow Agent agrees to hold and transfer the Deposit in accordance with the provisions of the Agreement, including Section 2 thereof. In the event of any inconsistencies between this Escrow Agreement and the Agreement, this Escrow Agreement shall govern and control

4. Escrow Agent shall not release the Deposit to either party without delivering five (5) business days written notice to both parties; provided, however, that at

Closing the Deposit shall be paid to Seller at the joint direction of Seller and Purchaser. In the event of conflicting instructions to Escrow Agent, by the Seller and Purchaser, or if Escrow Agent is named or joined in any lawsuit relating to the Escrow Agreement or the Agreement, Escrow Agent is hereby additionally authorized and empowered to deliver the Deposit in interpleader to the Clerk of the Supreme Court of New York, New York County, New York, whereupon Escrow Agent shall be released from any further obligations or liabilities.

5. It is agreed that the duties of the Escrow Agent are only as herein specifically provided, and are purely ministerial in nature, and that the Escrow Agent shall incur no liability whatsoever except for willful misconduct or gross negligence. The Seller and the Purchaser each release the Escrow Agent from any act done or omitted to be done by the Escrow Agent in good faith in the performance of its duties hereunder.

6. The Seller and the Purchaser shall jointly and severally indemnify, defend and save harmless the Escrow Agent from and against all loss, cost, claim, liability, damage and expense, including reasonable attorneys' fees and disbursements incurred in connection with the performance of the Escrow Agent's duties hereunder, except with respect to actions or omissions taken or suffered by the Escrow Agent in bad faith, in willful disregard of this Escrow Agreement, or involving gross negligence on the part of the Escrow Agent (the "Indemnified Matters") (but, as between Seller and the Purchaser, the cost of such Indemnified Matters shall be shared equally, except and specifically limited to the extent that such Indemnified Matters are attributable to the breach by the Seller or the Purchaser of this Escrow Agreement, in which event the cost shall be borne by whichever of the Seller or Purchaser is the breaching party of this Escrow Agreement.)

7. The parties agree and acknowledge that the Escrow Agent has no liability in connection with the Deposit in the event of failure or insolvency of the financial institution in which the Deposit is deposited.

8. Except as otherwise provided herein, all notices, demands, offers, elections or other communications required or permitted by this Escrow Agreement shall be in writing and shall be given, either (i) by express mail or (ii) by reputable overnight courier which delivers only upon receipt of addressees, and addressed to the party at its address set forth below by either of the aforesaid methods, or (iii) by personal delivery with a return receipt requested, with copies as follows:

If to Seller:   PRM Irving, LLC
c/o Peter R. Morris
150 North Wacker Drive, Suite 1120
Chicago, IL 60606
Facsimile: (312) 704-1744

|   |   |
|---|---|
| with a copy to: | Nancy J. Cass<br>PRM Realty Group, LLC<br>150 North Wacker Drive, Suite 1120<br>Chicago, IL 60606<br>Facsimile: (312) 704-1744 |
| If to Purchaser: | South Gramercy LLC<br>c/o Thomas P. Silver<br>225 Park Avenue South, 2nd Floor<br>New York, NY 10003<br>Facsimile: (212) 353-0576 |
| with a copy to: | Fried, Frank, Harris, Shriver & Jacobson LLP<br>One New York Plaza<br>New York, New York 10004<br>Attention: Jonathan L. Mechanic, Esq.<br>Fax: (212) 859-4000 |
| To Escrow Agent: | Chicago Title Insurance Company<br>377 Oak Street – Suite 104<br>Garden City, New York 11530<br>Attention: Lee Meyer<br>Fax: (516) 794-2840 |

or at such other address as, from time to time, shall be supplied by a party to the others by like notice, and shall be deemed to have been given, if sent by personal delivery or express mail, when actually delivered to or refused receipt at the specified address as indicated on the return receipt, or if sent by overnight courier, when actually delivered to the specified address.

10. In its capacity as Escrow Agent, Escrow Agent shall not be responsible for the genuineness or validity of any security, instrument, document or item deposited with it, and shall have no responsibility other than to hold the Deposit in accordance herewith and faithfully follow the instructions contained herein, and it is fully protected in acting in accordance with any written instrument given to it hereunder by any of the parties hereto and believed by Escrow Agent to have been signed by the proper person. Escrow Agent may assume that any person purporting to give any notice hereunder and representing that they have authority to do so has been duly authorized to do so.

11. Escrow Agent shall have no duties or responsibilities other than those expressly set forth herein. Escrow Agent shall have no duty to enforce any obligation of any person to make any payment or delivery or to enforce any obligation of any person to perform any other act.

3

12. It is expressly agreed that this Escrow Agreement is for the sole benefit of the parties hereto and shall not be construed or deemed to be made for the benefit of any third party or parties.

13. This Escrow Agreement and the obligations of the parties hereunder shall be interpreted, construed and enforced in accordance with the laws of the State of New York.

14. If any provision of this Escrow Agreement or the application thereof to any entity, person or circumstance shall be invalid or unenforceable to any extent, the remainder of this Escrow Agreement and the application of such provisions to other entities, persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

15. This Escrow Agreement contains the entire understanding between the parties hereto. No variations, modifications or changes hereof shall be binding upon any party hereto unless set forth in a document duly executed by all parties hereto.

16. Whenever used herein, the singular number shall include the plural, and the use of any gender shall include all genders. Obligations under this Escrow Agreement shall be binding upon the Seller and the Purchaser, jointly and severally. This Escrow Agreement shall be binding upon and enforceable by the Seller and the Purchaser, and their heirs, executors, administrators, legal representatives, successors, assigns or trustees.

17. This Escrow Agreement may be executed in multiple original counterparts, all of which shall be deemed originals and with the same effect as if all parties hereto had signed the same document. All such counterparts shall be construed together and shall constitute one and the same instrument. Any facsimile signatures (or signatures sent by electronic mail in pdf format) to this Escrow Agreement shall be deemed an original for purposes of determining the enforceability of the Escrow Agreement.

18. Each party waives the right to a jury trial of any dispute relating to this Escrow Agreement.

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Escrow Agreement as of the date first above written.

(Seller)                               PRM IRVING, LLC

                                    By:   PRM Management of Illinois, Inc.
                                    Its:   Manager

                                    By:   _____
                                              Peter R. Morris, Chairman

(SIGNATURES CONTINUE ON FOLLOWING PAGE)

(Purchaser)                    SOUTH GRAMERCY LLC

                               By: _____
                                   Thomas P. Silver, Authorized Signatory


                     (SIGNATURES CONTINUE ON FOLLOWING PAGE)

[Signature Page to Irving Place Escrow Agreement]

(Escrow Agent)                    CHICAGO TITLE INSURANCE COMPANY

                                  By: _/s/ Michael P. Migliuo_____
                                  Name: Michael P. Migliuo
                                  Title: Regional Counsel

## Miglino, Michael

| | |
|---|---|
| **From:** | Wang, Stephanie [wangst@friedfrank.com] |
| **Sent:** | Friday, February 23, 2007 1:02 PM |
| **To:** | Miglino, Michael |
| **Cc:** | adrogen@bakerlaw.com; Arrabito, Christina; Mechanic, Jonathan; Wang, Stephanie |
| **Subject:** | RE: 57 Irving place |
| **Attachments:** | DOC070220.pdf |

Mike,

Per the attached side letter with respect to 57 Irving Place, please disburse $450,000 of the funds held in escrow by Chicago Title to the account referenced in the email below today.

Thanks,

Stephanie S. Wang, Esq.
Fried Frank Harris Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
(T) 212.859.8049
(F) 212.859.8582
stephanie.wang@friedfrank.com

> -----Original Message-----
> **From:** Michelle Wiersema [mailto:MWiersema@prmrealty.com]
> **Sent:** Tuesday, February 20, 2007 4:33 PM
> **To:** Drogen, Andrew M.
> **Cc:** Nancy Cass
> **Subject:** RE: irving place
>
> Dear Mr. Drogan,
> At the request of Nancy Cass, please find attached the executed letter agreement of February 20, 2007 regarding Irving Place.
> Also, wire instructions for the $450,000 are as follows:
>
> | | |
> |---|---|
> | Bank Name: | Harris Bank, N.A. |
> | | P.O. Box 94033 |
> | | Palatine, IL 60094-4033 |
> | Routing Number: | 071025661 |
> | Beneficiary: | Peter R. Morris |
> | | 150 North Wacker Drive |
> | | Suite 1120 |
> | | Chicago, IL 60606 |
> | Account Number: | 7460009938 |
>
> Please forward this information on to whomever necessary in order to initiate the wire. If you have any further questions, please do not hesitate to contact me.
> Thanks,
> *Michelle Wiersema*
>
> PRM Realty Group, LLC
> 150 North Wacker Drive
> Suite 1120

2/23/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Index No.: 07-CV-3025
PRM IRVING, LLC,

                Plaintiff,                                     **AFFIDAVIT OF SERVICE**

        -against-

SOUTH GRAMERCY, LLC

                Defendant.
------------------------------------------------------------------X

STATE OF NEW YORK,
                SS.:
COUNTY OF NEW YORK

      I, Rosa Tricarico, being sworn, say: I am not a party to the action. I am over 18 years of age and reside in Kings County.

      On the 6th day of August 2007, I served the within NOTICE OF MOTION and LETTER BRIEF on:

Steven D. Usdin, Esq.                           Steven R. Lapidus, Esq.
Cohen Seglias Pallas Greenhall           Lapidus & Associates, LLP
 & Furman, P.C.                                305 Madison Avenue, 46th Floor
30 South 17th Street, 19th Floor             New York, New York   10165
Philadelphia, Pennsylvania 19103

Mark Warren Moody, Esq.
M W Moody
185 Franklin Street, 5th Floor
New York, New York   10013

by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to them at their last known address set forth after their name

                                                                                    Rosa Tricarico

Sworn to before me on the
6th day of August, 2007

_____
Notary Public

*Joyce A. Saunders*
*Notary Public, State of New York*
*No 31-47877170*
*Qualified in New York County*
*Commission Expires March 30 2011*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Docket No.: 07-CV-3025

PRM IRVING, LLC,

                Plaintiff,

    -against-

SOUTH GRAMERCY, LLC,

                Defendant.

## NOTICE OF MOTION

### THOMAS P. MALONE, ESQ.
Attorney at Law*
Attorney for Defendant/Intervenor,
Chicago Title Insurance Company
350 Fifth Avenue, Suite 5016
New York, New York 10118
Phone: (646) 708-8085
Fax: (212) 594-8378
File No.: L32996

*A Law Division of Fidelity National Title Group, Inc.