# THOMAS P. MALONE
ATTORNEY AT LAW*
THE EMPIRE STATE BUILDING
350 5TH AVENUE, SUITE 5016
NEW YORK, NY 10118
(646) 708-8085
FAX: (212) 594-8378
E-MAIL: Thomas.Malone@fnf.com

*A Law Division of Fidelity National Financial, Inc.

August 6, 2007

Honorable Robert W. Sweet
Senior Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1920
New York, New York  10007-1312

    Re:    PRM Irving, LLC v. South Gramercy, LLC
             Docket No: 07-CV-3025
             My File No: L32996

Dear Judge Sweet:

I represent Chicago Title Insurance Company ("Chicago") the escrow agent under a November 8, 2006 escrow agreement between plaintiff PRM Irving LLC ("PRM"), defendant South Gramercy, LLC ("South Gramercy") and Chicago. Please accept this letter brief, in lieu of a more formal Brief, in support of Chicago's Motion for leave to intervene in the instant action and an order permitting Chicago to deposit the escrow monies into the Registry of the Court and upon Chicago so doing, dismissing Chicago from the action and all further liability.

### Chicago Should Be Permitted to Intervene in the Instant Matter

As Your Honor is aware, the instant controversy between PRM and South Gramercy is for breach of contract regarding the sale of real property known as 57-59 Irving Place, New York, New York. In particular, the seller, PRM, is alleging that it is entitled to the monies being held by Chicago in escrow pursuant to an escrow agreement dated November 8, 2006 (the "Escrow Agreement").

Under the terms of the Escrow Agreement purchaser, South Gramercy, deposited $900,000.00 with Chicago as escrow agent. By letter agreement dated February 20, 2007, PRM and South Gramercy agreed to release $450,000.00 to PRM. Chicago still holds the remaining $450,000.00 in escrow as escrow agent along with any interest that may have accured.

The Escrow Agreement provides in pertinent part:

> 5. It is agreed that the Escrow Agent [Chicago] are only as herein specifically provided an, and are purely ministerial in nature, and that the Escrow Agent shall incur no liability whatsoever except for willful misconduct or gross negligence. The Seller [PRM] and the Purchaser [South Gramercy] each release the Escrow Agent form any act done or omitted to be done by the Escrow Agent in good faith in the performance of its duties hereunder.
>
> 6. The Seller and the Purchaser shall jointly and severally indemnify, defend and save harmless the Escrow Agent form and against all loss, cost, claim and liability, damage and expense, including reasonable attorneys fees and disbursements incurred in connection with the performance of the Escrow Agent's duties hereunder, except with respect to actions or omissions taken or suffered by the Escrow Agent in bad faith, in willful disregard of this Escrow Agreement, or involving gross negligence on the part of the Escrow Agent (the "Indemnified Matters") (but, as to between Seller and Purchaser, the cost of such Indemnified Matters shall be shared equally, except and specifically limited to the extent that such Indemnified Matters are attributable to the breach by the Seller or the Purchaser of this Escrow Agreement, in which event the cost shall be borne by whichever of the Seller or Purchaser is the breaching party of this Escrow Agreement.)

Thus, the parties have already agreed that Chicago as Escrow Agent is acting in a ministerial capacity as Escrow Agent and shall incur no liability whatsoever, except for willful misconduct or gross negligence. As such, Chicago has no beneficial interest in the escrow monies being held and is a mere stakeholder. Moreover, as neither party has asserted in its complaint or answer, respectively, willful misconduct or gross negligence on the part of Chicago, upon being permitted to intervene Chicago should be entitled to an order allowing it to deposit the escrow monies into the Court and be relieved of any and all further liability.

**Intervention is a Proper Remedy**

Chicago should be permitted to intervene in this matter as a matter of right pursuant to Fed R. Civ P. 24 (a) because:

a) Chicago has an interest in the transaction that is the subject of this action, as set forth in the annexed Supporting Affidavit of Michael Brady.
b) Chicago is so situated that the disposition of this action may as a practical matter impair or impede Chicago's ability to protect its interest.
c) Chicago's interest cannot be adequately represented by the existing parties to this case.

In the alternative, Chicago seeks leave of the Court to intervene permissively under Fed. R. Civ. P. 24 (b) because:

a. Chicago's claim and defense raises question of law or fact in common with this action; and
b. This intervention will expedite resolution of this action and will not unduly delay or prejudice the adjudication of the rights of the original parties.

**Chicago is Entitled to an Order permitting it to Interplead the Escrow Monies into the Registry of the Court and Discharging it from Further Liability**

Upon being permitted to intervene in this matter, Chicago is entitled to an order permitting it to interplead the escrow monies into the Registry of the Court, and upon its so doing it be dismissed from the case and any and all further liability.

Fed. R. Civ. P. 22 and 28 USCA § 1335 provide for a mere stakeholder such as Chicago to interplead and deposit monies into the Registry of the Court. The interpleader statute was enacted for the protection of one who makes no adverse claim to money in his possession and who wishes to be relieved of liability, where diverse parties are making claims to the funds. *Railway Express Agency, Inc. v. Jones,* 106 F.2d 341 (1939, CA7 Ill). The interpleader statute also had in view two-fold broad equitable relief to relieve a stakeholder without interest form present litigation and to relieve it from future litigation by adjudicating the claims of all parties in one suit. *Metropolitan Life Ins. Co. v. Mason,* 98 F.2d 668 (1938, CA3 Pa).

Chicago should be permitted to intervene and interplead in the instant action as PRM and South Gramercy are both making adverse claims to the escrow monies held by Chicago as escrow agent. Chicago makes no claim to the escrow monies and merely wishes to relieved of liability. Moreover, permitting Chicago to be intervene and interplead will further the goal of adjudicating all claims of all parties in one suit and relieve Chicago of potential future litigation.

**Conclusion**

For all of the foregoing reasons, Chicago respectfully requests that Your Honor grant Chicago's motion to Intervene and for permission to interplead the escrow monies into the Registry of the Court. Further, that upon Chicago being permitted to interplead the escrow monies, it be relieved of all liability with respect to this action as the parties have already agreed to hold harmless Chicago under the terms of the Escrow Agreement.

Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

Thomas P. Malone

TPM/js

cc:  Steven D. Usdin, Esq.
     Steven R. Lapidus, Esq.
     Mark Warren Moody, Esq.